**Deborah MOWERY, Plaintiff–Appellant,**

v.

**RITE AID CORPORATION, Defendant–Appellee.**

No. 01–3037.

United States Court of Appeals, Sixth Circuit.

July 17, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; and FORESTER, District Judge.*

MEMORANDUM OPINION

PER CURIAM.

Plaintiff, Deborah Mowery, appeals the district court's grant of summary judgment to defendant Rite Aid Corporation in her action alleging that she was paid less than comparable male employees in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

The district court concluded that plaintiff had stated a prima facie case, but only when Larry Zimmerman, her co-worker at defendant's Waterville store, was used as the comparable male employee. With respect to the male pharmacist in defendant's other area stores, the court concluded that plaintiff had not produced any evidence that contradicted the assertion of defendant's regional vice president that the salary differences among stores in different locations were attributable to the fact that the duties and responsibilities of pharmacists varied depending upon location. According to the district court, plaintiff failed to offer "evidence allowing an inference that her duties and responsibilities were the equivalent of a pharmacist in a more challenging urban store."

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation

The court then determined that, although Zimmerman was paid more than plaintiff, defendant had an affirmative defense that the salary difference was legitimately based on a factor other than sex, since Zimmerman's salary was negotiated as part of the buy-out of his store. The court, therefore, granted summary judgment for defendant, because it found that no dispute of material fact existed as to the reason for the pay differential. We affirm that holding, as to Zimmerman, for the reasons stated by the district court.

However, we are unable to agree with the district court's determination that defendant's other pharmacists could not be used as comparable employees. Instead, it appears to us that the record shows that there is a dispute of material fact as to whether those pharmacists perform work substantially equal to the work performed by plaintiff.

" 'Equal work' does not require that the jobs be identical, but only that there exists substantial equality of skill, effort, responsibility, and working conditions." *Bunton v. Breathitt Cnty. Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir.1998) (citation omitted). These four terms "constitute separate tests, each of which must be met in order for the equal pay standard to apply." 29 C.F.R. § 1620.14.

Although defendant does not break down its reasons for contending that pharmacists at different stores do not perform equal work in terms of these four categories, it appears that it argues that a different level of effort, and to some extent, responsibility are required of pharmacists in different stores. Defendant does not argue that there is a difference in the skill required by pharmacists at different levels, and working conditions are not at issue.

As the district court noted, two of defendant's representatives acknowledged that pharmacists in all of its stores share the same primary duties of filling prescriptions and serving customers. In her deposition, defendant's regional vice president specifically agreed that the "essential job duties" of pharmacists are the same regardless of location. Defendant's development manager concluded that "the most significant differences between pharmacists' responsibilities from store to store is the type of clientele that shops that store and the demands of the particular customers in different stores in different areas."

Accordingly, defendant's evidence concerning the primary differences among stores relates not to the nature of the position but to the intensity of the workload and the type of clientele. In addition, defendant has failed to explain how these potential differences impact its wage determinations.

While defendant ultimately may be able to prove its contention that there is sufficiently more effort required by those other pharmacists and that it takes that factor into account in determining wages, as plaintiff points out, thus far it has failed to provide any specifics as to the extent of the differences among stores and the process by which it takes those differences into account in determining compensation.

It does not seem to us that defendant's description of potential differences is sufficient to justify finding as a matter of law that plaintiff will be unable to show that in fact the work performed by at least some of these pharmacists is substantially equal.

We conclude that plaintiff has raised a dispute of material fact concerning whether pharmacists in defendant's other stores perform substantially equal work by identifying male pharmacists in other stores who are paid more, by pointing out that the highest paid male pharmacists are not employed in urban areas, and by obtaining defendant's acknowledgment that the es-

sential duties of all pharmacists are the same.

Accordingly, the judgment of the district court is affirmed in part, and reversed in part, and this cause is remanded to the district court for further proceedings consistent with this opinion.